### FANNY M. BOWERS *vs.* SARAH CUTLER & others.

Hampden.   November 13, 1895. — March 2, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Report of Evidence by Master — Discretion of Judge — Absent Defendant — Equity — Practice.*

Under a rule to a master to hear the parties and report the facts, the master is not bound to report the evidence bearing upon any finding of fact, and, a motion to recommit for that purpose having been denied, a decree for the defendant will be affirmed; and it is entirely within the discretion of a single justice of this court before whom the case afterwards came to decline to order the evidence, or any part of it, reported.

If the plaintiff in a bill in equity, being informed by the answer of one of the defendants of the death of the other leaving a will in another State in which he resided, elects to proceed with the case, without taking any steps to summon in the devisees under the will, there is no reason after the bill has been dismissed, nearly five years having elapsed since it was filed, why it should be retained to give the plaintiff the opportunity of making the devisees parties.

BILL IN EQUITY, filed in June, 1891, to enforce an alleged trust upon a parcel of land in Springfield. The case was referred to a master. On the filing of his report the plaintiff moved that the case be recommitted to him to report certain evidence.

The motion was denied, and the bill dismissed, with costs; and the plaintiff appealed to this court. The facts appear in the opinion.

*A. M. Copeland,* for the plaintiff.

*C. C. Spellman,* for the defendants. .

LATHROP, J. Three persons are named as defendants in the bill, and all are described as living out of the State. Notice by publication was ordered, and two of the defendants appeared and answered, denying the material allegations of the bill. They also alleged that the other defendant, the one first named in the bill, died after the filing of the bill and before the order of publication, leaving a will, the probate of which was then pending in the State of New York, and that no administrator of her estate had been appointed in this Commonwealth.

The plaintiff thereupon joined issue on the defendants' answer; and on April 9, 1892, a special master was appointed " to hear the parties, and examine their vouchers and evidence, and make report of the facts thereof to the court as soon as may be." On April 6, 1895, the master filed his report, from which it appears that the land in question was conveyed by Luther Cutler, the plaintiff's father, to his second wife, Sarah Cutler, the conveyance being made through a third person. The master states: " I do not find that said conveyance was made to said Sarah with any trust or upon any condition whatever, that any paper or instrument was at the time of said conveyance or at any time made, which in any manner modified or sought to modify the title which thereby came to her, or that any paper or instrument was at that time or at any time made or intended to be made by said Luther or said Sarah, giving the plaintiff any interest in the said premises." As the burden of proof was on the plaintiff to prove that a trust was created in her favor, this was equivalent to a finding against her.

On the filing of the master's report, the plaintiff moved that the case be recommitted to the master, to report so much of the evidence as related to a conversation between the plaintiff and Sarah Cutler touching the existence of an instrument of trust, and of the purpose of the conveyance from Luther to the third person and from him to the first named defendant. This motion was denied. The bill was then dismissed, with costs; and the plaintiff appealed to this court.

It is clear that the two defendants who appeared are entitled to have the bill dismissed so far as they are concerned. The master was not bound to report the evidence bearing upon any finding of fact. *Parker* v. *Nickerson*, 137 Mass. 487. Whether the single justice of this court, before whom the case afterwards came, should have ordered the evidence, or any part of it, reported, was a matter entirely within his discretion. *Freeland* v. *Wright*, 154 Mass. 492.

This bill was filed nearly five years ago. The plaintiff was informed by the defendants' answer of the death of Sarah Cutler. She elected to proceed with the case, without taking any steps to summon in the devisees under the will, and we see no reason why the bill should be retained to give her the opportunity of making them parties.

*Decree affirmed.*