### VERMEULE v. REILLY.

(District Court, S. D. New York. April 1, 1912.)

REFERENCE (§ 6\*)—POWER TO REFER IN FEDERAL COURTS—ACTIONS AT LAW—APPOINTMENT OF AUDITOR.

　　A federal court has no power to appoint a referee to hear and determine all the issues in an action at law in which the defendant is entitled ·to a jury trial, unless waived by stipulation under Rev. St. §§ 648, 649 (U. S. Comp. St. 1901, p. 525); but it may appoint an auditor to simplify the issues, where items of account are involved which are so numerous or complex as to render it necessary for the understanding of the jury.

　　[Ed. Note.—For other cases, see Reference, Cent. Dig. § 6; Dec. Dig. § 6.\*]

At Law. Action by Cornelius C. Vermeule against Hugh J. Reilly. On motion by plaintiff for reference. Motion overruled, but auditor appointed.

Joseph Hover, for plaintiff.

Henry Wetherhorn (William C. Rosenberg, of counsel), for defendant.

HOLT, District Judge. This is a motion to refer the case to a referee to hear and determine all the issues, upon the ground that the case involves the examination of a long account. The action is a common-law action to recover damages for services alleged to have been rendered and disbursements alleged to have been made by the plaintiff for the defendant while acting as an engineer in certain construction work in Cuba. A reference to hear and determine all the issues in such an action cannot be ordered in the United States courts. The defendant has a constitutional right to a jury trial in such a case, and the United States statutes provide that the trial of issues of fact in common-law cases shall be by jury, unless the parties

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

file a stipulation in writing waiving a jury. R. S. U. S. §§ 648, 649 (U. S. Comp. St. 1901, p. 525). The federal courts, however, have power in such an action to appoint an auditor to simplify the items and the issues, where the items involved are so numerous or complex as to render a proper understanding of the controversy by the jury impossible until they have been simplified. Fenno v. Primrose, 119 Fed. 801, 56 C. C. A. 313.

The complaint herein demands judgment for $94,318.40 for plaintiff's services and disbursements. The plaintiff's bill of particulars contains two lists of disbursements; one containing about 300 items, aggregating $25,416.99, and the other containing about 100 items, aggregating $14,962.62. The issues as to the services can be well tried by a jury. But if it were attempted to try the issues as to the disbursements, consisting of about 400 items aggregating about $40,000, by the same jury, without any preliminary investigation and simplification of the account, the trial would probably be unduly protracted, and it would be very difficult, if not impossible, for the jury to remember the testimony relating to the different items of the disbursements. An auditor may be appointed to take evidence and report when, where, to whom, and for what the various disbursements were made, and the auditor will also be directed to collect and put together the items which, after investigation, are admitted to be correct, the items which in his opinion should be allowed or disallowed in whole or in part, also the items which are similar in their character, and would probably be governed by the same rules of decision, giving the aggregate of such items in each case, and generally to make a preliminary investigation in the case, with a view to a report which will simplify the account and the issues, in order that the case may be intelligently presented to a jury, in accordance with the principles laid down in the case cited above.

The auditor is directed to proceed with all reasonable speed, and the trial of the main issues is stayed till the return of the auditor's report.