EICHBERG v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION v. EICHBERG.

(Court of Appeals of District of Columbia. Submitted October 4, 1922. Decided December 4, 1922.)

Nos. 3813, 3814.

1. **Appeal and error ⬅1203(7)—Mandate for new trial held not to require refusal of reference.**

   A mandate by the appellate court granting a new trial, while broadly reserving the rights of the parties, irrespective of the proceedings culminating in the reversed judgment, did not require the granting of a motion to calendar the case for trial without referring it to the auditor, which would be to foreclose the court from making a further reference, under its inherent power so to do.

2. **Appeal and error ⬅882(20)—Defendant cannot complain of granting second motion after first was rightly overruled.**

   Where defendant filed four alternative and inconsistent motions after new trial was granted on former appeal, and the first motion to calendar the case for immediate trial was rightly overruled, defendant could not complain that its second motion was granted and the others refused.

3. **Appeal and error ⬅858—Whether additional exceptions to auditor's report are responsive to pleadings not considered on special appeal.**

   On special appeal from an order allowing additional exceptions to an auditor's report, the question whether those exceptions were responsive to the pleadings was a matter not passed on in the court below, and therefore not raised by the special appeal.

4. **Jury ⬅28(12)—Consent to common-law reference does not amount to waiver of jury trial.**

   The consent by defendant to a common-law reference to an auditor, which did not amount to a stipulation of reference for a finding of law and fact, which would accord the report the force of a common-law award, does not waive the right to a jury trial, if by proper exception issues of fact can be framed for submission to a jury.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Action by Maurice H. Eichberg, trading as the National Timber Company, against the United States Shipping Board Emergency Fleet Corporation. From an order granting defendant's motion for leave to amend the exceptions to the auditor's report, and to file additional and amended exceptions, and denying a motion for other relief, both parties specially appeal. Affirmed.

See, also, 51 App. D. C. 44, 273 Fed. 886.

Ernest W. Roberts, of Washington, D. C., for plaintiff.

Peyton Gordon, Vernon E. West, Arthur H. Deibert, and B. J. Laws, all of Washington, D. C., for defendant.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. These are special appeals granted from an order of the Supreme Court of the District of Columbia in a suit for damages for breach of a contract alleged to have been entered into between Maurice H. Eichberg, trading as National Timber Company, and the United States Shipping Board Emergency Fleet Corporation.

When the suit was originally brought, the court, on motion of plaintiff, and without objection by defendant, referred the case to the auditor, "to audit and state the accounts and dealings between the parties." A hearing was had by the auditor, at which a full and complete trial of the issues of fact was accorded, resulting in a report both of law and fact. It was not limited to questions of accounting, nor was accounting between the parties an important issue in the case, since the action was for unliquidated damages, except certain minor particulars of demand relating to expenditures and services.

The auditor found for the plaintiff, and, when the report was filed, defendant filed exceptions to the report, raising issues of fact for trial by jury. Plaintiff moved to strike out the exceptions, which motion was sustained as to certain of the exceptions, and denied as to others. When the jury was impaneled, plaintiff offered the report in evidence, together with certain stipulations entered into between the parties upon issues of fact, and moved the court for a directed verdict. The court denied the motion, and asked counsel for plaintiff if they had any evidence to offer, to which counsel replied in the negative, when the court, on motion of counsel, directed the jury to return a verdict for defendant.

From the judgment appeal was taken to this court (Eichberg v. Emergency Fleet Corporation, 51 App. D. C. 44, 273 Fed. 886), where the judgment was reversed and the cause remanded, with directions to grant a new trial.

When the cause came before the court below upon the mandate of this court, plaintiff filed a motion for judgment on the ground that the reference to the auditor was not made under the Code but was a common law reference; that the reference was by consent; that the report was accepted by the court; and that the exceptions to the re-

port were general, immaterial, irrelevant, and not founded upon the pleadings or the evidence adduced before the auditor. Defendant filed four alternative and inconsistent motions, in substance as follows: (1) To vacate and strike out the auditor's report, and for a jury trial; (2) to amend the exceptions to the auditor's report and have leave to file additional and amended exceptions; (3) to make certain findings of law; (4) to recommit the case to the auditor for taking additional testimony. The court denied plaintiff's motion and allowed defendant's motion No. 2, denying motions 1, 3, and 4.

From the order both parties have been granted special appeals. Plaintiff appeals from the order denying the motion for judgment on the auditor's report, and defendant appeals from the order denying its first motion.

[1] The mandate of this court was to grant a new trial. While a new trial means broadly the preservation of all the rights of the parties, irrespective of the proceedings culminating in the reversed judgment, we are not prepared to say that the court erred in refusing the defendant's first motion. The motion required the court to calendar the case for trial without referring it to the auditor, thereby foreclosing the court from making a further reference. In other words, the court was asked to make an order which deprived it of the exercise of an inherent power. This the law does not require a court to do.

[2, 3] Having without error refused to take the first step, the court granted the second alternative request of the defendant; hence defendant cannot be heard to complain. Whether the amended and additional exceptions are responsive to the pleadings and the evidence adduced before the auditor presents matters not raised by special appeal, since they have not been passed upon by the court below.

[4] In our former opinion we held that the reference to the auditor was made by the court in a common-law action, in the exercise of an inherent power to simplify and clarify the issues and to make tentative findings. "No reason exists why a compulsory reference to an auditor to simplify and clarify the issues and to make tentative findings may not be made at law, when occasion arises, as freely as compulsory references to special masters are made in equity." Ex parte Peterson, 253 U. S. 314, 40 Sup. Ct. 548, 64 L. Ed. 919.

While the reference was made on the motion of plaintiff, and was not objected to by defendant, it did not amount to a stipulation of reference for a finding of law and fact, which would accord the report the force and effect of a common-law award. It was not, therefore, a consent decree by express agreement of the parties. In equity:

"It was held that the court could not, of its motion, or upon the request of one party, abdicate its duty to determine by its own judgment the controversy presented, and devolve that duty upon any of its officers." Davis v. Schwartz, 155 U. S. 631, 15 Sup. Ct. 237, 39 L. Ed. 289.

Upon the same reasoning in law, a reference by the court, "of its motion, or upon the request of one party," does not amount to a waiver of trial by jury, if by proper exception issues of fact can be framed for submission to a jury.

The order is affirmed, and the costs will be assessed equally between the appealing parties.