**BENTON et al. v. DEININGER et al.**

District Court, W. D. New York. April 8, 1927.

**1. Courts ⬡342—Action for damages for violating statute by making false reports as to resources of bank is law action (National Bank Act [12 USCA §§ 93, 161]; equity rule 26).**

In action to recover damages for violation of National Bank Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports relating to resources and liabilities of bank, adequate remedy at law exists, since right to recover is based wholly on statutory liability, and equity rule 26 is inapplicable; case being properly on law side of court.

**2. Pleading ⬡35, 364(6)—Paragraph of complaint in law action for damages asking for accounting may be stricken or regarded as surplusage (National Bank Act [12 USCA §§ 93, 161]).**

In law action to recover damages for violation of National Bank Act Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports relative to resources and liabilities of bank, paragraph of complaint asking for accounting and that multiplicity of actions of substantially same character be avoided may be stricken or regarded as surplusage.

**3. Banks and banking ⬡254—In action for damages for making false reports as to bank's resources, proceedings before auditor are subject to supervision of court (National Bank Act [12 USCA §§ 93, 161]).**

Proceedings before auditor are subject to supervision of court in law action against several defendants for damages for violation of National Bank Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports relative to resources of bank.

**4. Reference ⬡105—Appointment of auditor to segregate and apply testimony to different causes of action does not take final determination of fact issues from jury (National Bank Act [12 USCA §§ 93, 161]).**

In law action for damages for violation of National Bank Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), by making false reports relative to resources of bank, final determination of issues of fact must be made by jury at trial, notwithstanding that auditor was appointed to segregate and apply testimony to different causes of action.

**5. Banks and banking ⬡254—In action for damages for making false reports as to bank's resources, 21 persons, who were directors of bank at different times, held properly joined as defendants (National Bank Act [12 USCA §§ 93, 161]).**

In action for damages for violation of National Bank Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), for making false reports relative to resources of bank, brought by 23 stockholders of bank, who alleged 57 causes of action against 21 defendants, who were directors of bank at different times mentioned in complaint, there was no misjoinder of defendants.

**6. Action ⬡50(9)—Complaint for damages for bank directors' false reports as to resources stating 57 causes of action held not objectionable as multifarious (National Bank Act [12 USCA §§ 93, 161]).**

In action for damages for violation of National Bank Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), for making false reports relative to resources of bank, complaint stating 57 causes of action against 21 defendants, who were directors of bank at different times mentioned, *held* not objectionable as multifarious.

See, also, 21 F.(2d) 659.

Barber B. Conable, of Warsaw, N. Y., and Louis L. Thrasher, of Jamestown, N. Y., for plaintiffs.

Wile, Oviatt & Gilman, of Rochester, N. Y., for defendants.

21 F.(2d)—42

HAZEL, District Judge. Motion to dismiss the complaint for misjoinder of parties defendant and for multifariousness.

This action is at law to recover damages for violation of the National Bank Act (Rev. St. §§ 5211, 5239 [12 USCA §§ 93, 161]), relating to the defendants as directors of the National Bank of Commerce of Rochester making and publishing certain reports required by the statute to be filed with the Comptroller of the Currency, and specifically to false reports relating to the resources and liabilities of the bank, and also knowingly violating, or permitting officers and agents to commit the violations prohibited by the act.

There are twenty-three different plaintiffs, all of whom were stockholders of the bank. Fifty-seven causes of action are alleged against twenty-one defendants, who were directors of the bank at different times mentioned in the complaint. The bank went into liquidation on May 19, 1924. The various causes of action against the individual directors are separately alleged.

Section 209 of the Civil Practice Act of this state, under which the action was brought in the Supreme Court of this state, and subsequently removed to this court, provides:

"*Joinder of Plaintiffs Generally.* All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

Under this provision, which is not limited to suits in equity, separate and independent causes of action may be united in one complaint, regardless of the number of plaintiffs, and the right of trial by jury was recognized in Akely v. Kinnicutt, 208 App. Div. 487, 203 N. Y. S. 741, but, according to the quoted provision, in the convenient administration of justice, the court may direct separate trials. In the cited case on this point, the defendants were charged with conspiracy to defraud, but the interpretation of the statute may fairly be applied to the instant objection.

[1, 2] Separate demands for a money judgment are made against each defendant, and, in my opinion, it is clear that an adequate remedy at law exists (Scott v. Neely, 140 U. S. 106, 11 S. Ct. 712, 35 L. Ed. 358; Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873), although paragraph 60 of the complaint asks, incidentally, that an accounting be had and that a multiplicity of actions of substantially the same character be avoided, yet without a waiver of trial by jury, the action, in its present form, must be regarded as properly on the law side of the court, inasmuch as the right to recover is based wholly upon a statutory liability. The rules of practice obtaining in the courts of the state, and section 209, relating to joinder of plaintiffs generally, must be applied. Moore Bros. Glass Co. v. Drevet Mfg. Co. (C. C.) 154 F. 737. Paragraph 60 may be either stricken out or regarded as surplusage.

[3, 4] The history of the alleged transactions, covering many years, the very large amount involved, the time in which different defendants served as directors of the bank, the transactions of the finance committee, the character of the different reports made to the Comptroller of the Currency, representations to separate plaintiffs to induce them to become stockholders, details pertaining to discounts, the noncollectible loans falsely reported as collectible, and generally the condition of the bank for a long period of years, together with evidence of intent, knowledge, or acquiescence in making false reports, will obviously require much testimony, some relating to only one or more causes of action but not to all; and, for the convenience of the court, the services of an auditor would seem to be indispensable. To segregate and apply the testimony to the different causes of action, and, at the same time, protect the various defendants in its application, may prove to be a cumbersome task if the action in its entirety is tried either before the court or court and jury. The appointment of an auditor, herein suggested by the court, would be of substantial service, and would not operate to deprive a party of the right of trial by jury or violate the Seventh Amendment to the Constitution. The proceedings before him would be subject to the supervision of the court (Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543 (64 L. Ed. 919), and in such case the final determination of all issues of fact must be made by the jury on the trial. Peterson v. Davison (D. C.) 254 F. 625. Although, as already remarked, separate questions undoubtedly will arise as between separate plaintiffs and separate defendants, or

groups of defendants, yet it is unlikely, if an auditor is appointed, that any confusion will arise or difficulty be encountered in applying the evidence to different causes of action. Indeed, the order of appointment would specifically instruct him to make inquiry on all matters to which reference is made by counsel for defendants.

The contention that this action, transferred to this court, must now proceed in equity, and that equity rule 26 applies, is unsubstantial, since I think, as heretofore stated, that plaintiffs, under the bank statute, have a complete remedy at law. See, also, Chesbrough v. Woodworth (C. C. A.) 195 F. 875; and Jones Nat. Bank v. Yates, 240 U. S. 541, 36 S. Ct. 429, 60 L. Ed. 788. Of course, to avoid any confusion as to the probability of plaintiffs relying on different reports filed by the bank with the Comptroller of the Currency, or on different statements or reports, and when, how, and by whom made, a bill of particulars would be serviceable and an aid to the court or auditor.

The purpose of the Civil Practice Act, § 211, in my opinion, was intended to enable plaintiffs, who have any right to relief against a number of defendants, to proceed against them in a single action when the right arises out of the same transaction and to lessen expense and a multiplicity of actions, and this right obtains, regardless of whether the liability is joint or several or alternative.

It is not necessary that the complaint should be amended, especially as a bill of particulars would serve the purpose to acquaint the defendants with the specific grounds against them.

[5, 6] The defendants, in my opinion, were properly joined in this action, and the complaint is not open to the objection of multifariousness.

The motion is denied.