## OKLAHOMA GAS & ELECTRIC CO. v. BATES EXPANDED STEEL TRUSS CO.

District Court, D. Delaware. August 19, 1929.

### No. 3.

See, also, 296 F. 281; 11 F.(2d) 415.

Robert H. Richards and Ward & Gray, all of Wilmington, Del., for plaintiff.

James I. Boyce, of Wilmington, Del., and Henry Ridgely, of Dover, Del., for defendant.

MORRIS, District Judge. In this action at law to recover damages for alleged breach of contract, the plaintiff, relying upon Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919, moves for the appointment of an auditor to make a preliminary investigation with respect to certain facts touching the amount of damages occasioned by the alleged breach and to report his findings to the court to the end that the report be presented to the jury as prima facie proof of the matters therein set forth.

The declaration or statement of plaintiff's case, upon which the motion is based, alleges, in effect, that the defendant agreed to furnish, sell, and deliver to the plaintiff certain equipment, consisting of expanded steel poles, sets of anchorage steel, tools, and other supplies to be used for and in the construction of a high-voltage, electric-power transmission line about 80 miles long, in the state of Oklahoma; that the defendant promised and warranted that the equipment and supplies would comply with certain specifications of a highly technical nature, and would be fit and adequate for the purposes for which it was to be used; that defendant delivered certain equipment to the plaintiff in supposed compliance with the contract, and plaintiff used the equipment in or in connection with such transmission lines at great cost to the plaintiff; that, shortly before the completion of the line, plaintiff discovered that the equipment, when installed therein, did not comply with the specifications under which it was purchased, and was not in accordance with

defendant's promises and warranties with respect to adequacy and fitness, and that, before it could be put into operation, the line constructed therewith fell down and had to be dismantled and removed by the plaintiff.

The damages claimed by the plaintiff consist of seven elements: (1) The amount paid by the plaintiff to the defendant for the material, equipment, and supplies furnished to it by the defendant; (2) the cost of the construction of the line in excess of the amount paid by plaintiff to defendant for the equipment and supplies; (3) the amount paid by plaintiff for the removal of the line after its failure, less the value of the material salvaged therefrom; (4) the amounts paid by plaintiff to third persons to compensate them for damages caused to them by the falling of the line; (5) the amount of the increased cost of plaintiff's operation during the interval between the failure of the line and the completion of a new line, arising from the higher operating cost of the sources from which power had to be supplied during such interval; (6) the amount of plaintiff's increased line losses during the interval, due to increased resistance and reactance because of transmitting great quantities of power from existing lines of limited capacity; and (7) the interest upon each of the foregoing items.

Plaintiff asserts that the accounts and records from which its items of damage must be ascertained are voluminous, complex, and intricate, and that extensive computations of a highly technical character must necessarily be made properly to ascertain the amount of damages for which defendant is charged to be liable.

Defendant denies liability, and takes the position that numerous and intricate questions of law will necessarily be involved in the ascertainment of damages and with respect to the character and admissibility of evidence pertaining thereto; that the issues with respect to damages are clear and require no simplification or elucidation by an auditor to be understood by a jury; that all the evidence with respect to its alleged damages is in plaintiff's possession; that any calculations and summarizations that need to be made can be made and testified to by plaintiff's own auditors and engineers; that the cost of making, through an auditor, a preliminary investigation and report, of the character requested by plaintiff, would be very great, and would have to be taxed wholly against defendant, should a verdict of even 6 cents be rendered against it; that such a result, in the absence of an absolute necessity for the appointment of an auditor, would

be unjust, unreasonable, and oppressive; and that consequently plaintiff is not entitled to the appointment of an auditor either as a matter of right or in the proper exercise of judicial discretion.

The right and power of the federal District Courts, when reasonably necessary to a proper consideration of a case by court and jury, to appoint, even without consent of the parties, an auditor to aid in the performance of their duties, and to admit the report of the auditor in evidence as prima facie evidence of the matters therein set out, was settled in Ex parte Peterson, supra, the case upon which plaintiff relies. With respect to the extent and scope of this power, it was there said (page 313 of 253 U. S. [40 S. Ct. 547]): "Whether such aid shall be sought is ordinarily within the discretion of the trial judge; but this court has indicated that where accounts are complex and intricate, or the documents and other evidence voluminous, or where extensive computations are to be made, it is the better practice to refer the matter to a special master or commissioner than for the judge to undertake to perform the task himself." This statement is, however, not a limitation; it is but an illustration, with respect to the power of appointments. The power of appointment is as broad as the necessity therefor. This was succinctly stated in Fenno v. Primrose, 119 F. 801, 806 (C. C. A. 1), where it was said: "The principle may reasonably enough, we think, be applied to any form of action or any case which presents a situation so intricate and so complex that it cannot be intelligently understood and decided by a jury until the items or the issues shall have been simplified."

The powers conferred upon an auditor by the order of reference may be broad. When properly authorized by the order of reference, his findings may even include whether and to what extent the defendant is or is not liable to the plaintiff. Holmes v. Hunt, 122 Mass. 505, 23 Am. Rep. 381. Yet an auditor is not an arbitrator. He has no absolute and uncontrolled power. If one or more of his findings appear to the court, upon the facts reported by him, to be erroneous in matter of law, his report may be rejected entirely or the erroneous portion may be stricken out, leaving the rest to have its proper weight and effect. In proceedings before him, the parties have the right to the benefit of the rules of evidence. If a portion of the evidence upon which he bases his conclusion was not properly admissible, the party objecting to its admissibility may before, but

not at, the trial move to recommit the report to the auditor for correction. Briggs v. Gilman, 127 Mass. 530.

While it is true that, where the order of reference directs the auditor to hear the parties and their evidence and to form and express an opinion upon facts and items in dispute and report the same to the court, and he is not ordered to report the evidence, the report need state only the facts found by the auditor, and a report of the evidence is unnecessary. Bowers v. Cutler, 165 Mass. 441, 43 N. E. 188; Parker v. Nickerson, 137 Mass. 487; 17 Enc. Pl. & Pr. 1036. Yet, even though he is not ordered to do so, the auditor may report to the court the evidence bearing upon any question of law which, in his discretion, he thinks ought to be referred to the court, 17 Enc. Pl. & Pr. 1037; and it is his duty, at the request of either party, to report the evidence so far as is necessary to bring intelligently before the court any questions raised at the preliminary hearing, before him. 17 Enc. Pl. & Pr. 1036.

The report only, and not the evidence and exhibits which accompany it, is to be admitted in evidence. Veneri v. Draper, 22 F. (2d) 33, 36 (C. C. A. 4). But the report is prima facie evidence, not merely of the result of the accounts or ultimate facts therein stated. It has like evidential value with respect to the facts or inferences stated in the report as derived from the evidence before the auditor and involved in the determination of the issues referred to him. Holmes v. Hunt, 122 Mass. 505, 23 Am. Rep. 381.

If matters otherwise suitable and proper for reference to an auditor require the determination of numerous and difficult questions of law particularly in the field of evidence, the probabilities that the advantages arising from the assistance of an auditor would outweigh the disadvantages are greatly diminished, and a motion for reference should not be so readily granted. See Trump v. Mikell, 105 S. C. 280, 89 S. E. 645.

In the case at bar, it is apparent, from the differences between counsel with respect to the evidence that is and is not admissible to establish the amount of damages, if any, to which plaintiff is entitled; that many legal questions touching the admissibility of evidence, as well as technical questions, would be presented to an auditor for decision. The record necessary, under these circumstances, to be made and presented to the court fairly to disclose the questions raised, would probably be so lengthy as to make a reference to an auditor a most expensive expedient. It is probable, too, that one or more recommitments, productive of delay and increased costs, would be required. The defendant should not have the burdens of such a reference even contingently imposed upon it, unless the character of the case leaves no reasonable alternative. Here there is a well-established alternative. All the records and facts bearing upon the alleged several elements of plaintiff's damages, if any, are in the possession of the plaintiff. It needs no assistance from an auditor, appointed by the court, to examine books and papers, make computations, or to simplify items and issues for the benefit of court and jury. Its own auditors and engineers should suffice. And if it is necessary to prove the results of voluminous facts or of the examination of many books and papers, and the examination cannot be conveniently made in court, the results may be proved by the person or persons who made the examination. Burton v. Driggs, 20 Wall. 125, 136, 22 L. Ed. 299; Jones on Evidence, § 206; Greenleaf's Evidence, § 93; Wigmore's Pocket Code of Evidence, § 782.

The motion is denied.