## IRVING TRUST CO. v. TRUST CO. OF NEW JERSEY.

### No. 179.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

MANTON, Circuit Judge, dissenting.

Hovell, McChesney, Clarkson & Klupt, of New York City (Sidney A. Clarkson, of New York City, of counsel), for appellant.

Bernard A. Grossman, of New York City (Bernard A. Grossman and Shirley M. Payne, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

W. A. McHorney & Co. borrowed $40,-000 of the defendant on May 17, 1929, on its promissory note, indorsed by its president, and payable in three months. When due, the note was renewed for another three months without reduction. On the due date $5,000 was paid and the remainder renewed for three months. A payment of $2,500 was then made, and a new note on three months' time given for the remainder. Other payments were made each three months and renewal notes given until, on September 17, 1930, when a payment of $2,000 was made reducing the principal to $26,000 and another three months' renewal was requested, the bank insisted upon a larger payment. Mr. W. A. McHorney, acting for W. A. McHorney & Co., the maker, and himself as the indorser, represented to the bank that no more could be paid then, but promised that reductions would be made "as things come along." On December 17, 1930, when the note became due, the bank pressed for faster payment, but did accept $2,000 on the principal and a renewal note for the remainder due March 17, 1931. At that time only $1,000, was paid and the remainder renewed for a like period, although the bank was becoming more and more insistent upon larger reductions being made. When this note became due on June 17, 1931, a substantial reduction was demanded, but, upon McHorney's promise to sell some merchandise and make such a payment, a six-day note for the balance then due, $23,-000, was accepted. But when it fell due on June 23, 1931, no reduction could be made, and a note for like amount for three days was taken. Upon the payment of $4,000 when that note was due, another was accepted for $19,000 due in three months. During the rest of 1931, the note was renewed twice, and $1,000 was paid at the time of each renewal, which brought the principal down to $17,000, for which a renewal note payable in three months was given on December 28, 1931. A payment on this note under the circumstances to be stated is the preference which has been recovered by the plaintiff.

On February 9, 1932, McHorney went to the defendant bank, where he handed to Meixner, the officer of the bank with whom he was accustomed to transact his business there, as a payment on the note, a check for $16,000 drawn by a man named Ackerman, payable to Elite Rug Company, Inc., the bankrupt, and indorsed by the payee, by W. A. McHorney, as its president. The bank had had no dealings with Elite Rug Company, Inc., and Meixner wanted to know about it. He was then told that it was "the new name of the W. A. McHorney Company," and told to call by telephone the attorney who had charge of the matter of the change of name, as he knew all about it. This was done, and Meixner was assured by the attorney that the name of W. A. McHorney & Co. had been legally changed to Elite Rug Company, Inc. The attorney told Meixner to take the check, but he was unwilling to do so until he had called the bank's attorney and was advised by him to take it. McHorney testified that he then told Meixner "that we were making an adjustment and a reorganization; that we were going to make an assignment, as near as I can remember." He was immediately asked if it was an assignment for the benefit of creditors, and replied: "Not for the benefit of creditors. My idea of an assignment and an assignment for the benefit of creditors are two different things."

The next day, however, the bankrupt did make an assignment for the benefit of its creditors. Fifteen days later an involuntary petition in bankruptcy was filed, and it was adjudicated in due course. The principal issue of fact finally contested was whether the defendant had reasonable cause to believe when the payment of $16,000 was made that it was receiving a preference under section 60b of the Bankruptcy Act (11 USCA § 96 (b).

An application for the appointment of a special master was made by the plaintiff and opposed by the defendant, who demanded a trial by jury. The plaintiff then moved for the appointment of an auditor, and an order was made by a District Judge granting the motion to the extent that an auditor was "appointed under and in pursuance of the provisions of General Order 26 of this Court, to define and simplify all the issues herein; to take and report testimony, to audit and state accounts; to make computations; to make findings on conflicting evidence and to make and file a report thereon in the office of the Clerk of this Court with all convenient speed, which report shall not finally determine the issues, but shall, unless excepted to within ten days after the service of notice of filing and rejected by the Court, be admitted at the trial before the jury as prima facie evidence of the evidentiary facts and of the conclusions of fact therein set forth. * * *"

The auditor so appointed performed his duties and filed a report in which he included the evidence taken before him; correctly defined the issues contested; and made findings to the effect that the bankrupt was insolvent when the $16,000 was paid, and that the defendant then had reasonable cause to believe that it was receiving a preference. Exceptions to this report were overruled. When the cause came on for trial before a jury, the plaintiff introduced the report in evidence and rested. Thereupon the defendant presented its evidence, and the issues were explained to the jury in a charge in which the indecisive effect of the report was clearly and correctly stated.

On this appeal what amounts to two questions are presented: First, whether the auditor should have been appointed, though the power to make the appointment is not denied, and his report introduced in evidence at the jury trial; and, second, whether the evidence was sufficient to support the verdict.

■ That a District Court has the power to make such an order as the one appointing this auditor is, indeed, beyond question. Matter of Walter Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919; Primrose v. Fenno (C. C.) 113 F. 375. Of course, care should be exercised to make an appointment only when it will serve to clarify the issues and aid the jury in determining the essential facts. An auditor is appointed as an aid to a trial by jury and never properly appointed to curtail the scope of the jury's inquiry into the facts. Often in a case of this nature, which involves the question of insolvency at a time when the alleged preference was received, there are many accounts involved and many complicated computations must be made. A jury is not well adapted to make them, and this is no doubt a reason for providing in rule 26 of the District Court for the Southern District of New York for the appointment of an auditor in any bankruptcy proceeding where the issue of insolvency is to be tried. When this auditor was appointed, that issue was to be tried. While the fact that during the hearing before the auditor insolvency was conceded served to simplify the issues, it cannot be said that the appointment was an abuse of discretion at the time it was made.

■ Because the report not only contained the finding that the bankrupt was insolvent when the payment was made on the note, an inevitable finding, since insolvency was conceded during the hearing before him, but also the finding that the defendant had reasonable cause to believe that it was being preferred, it is urged that its admission in evidence at the trial in the District Court as prima facie proof of that fact deprived the defendant of its right to a trial by jury on a vital issue in the case. The order of reference authorized the auditor "to make findings on conflicting evidence," and that of course meant to make findings upon the matters in controversy which were material. This finding was of that nature. It established only a rebuttable presumption which the defendant was free to contest without restriction before the jury. It left the defendant in no worse case than any defendant is in when a plaintiff proves a prima facie case on the opening.

It may be that some juries would, despite proper instructions, give undue weight to a report because it was made by an officer of the court. While that is a possibility, it applies equally to any part of an auditor's report and to every such report and is not real enough to be controlling.

■ The real question is whether a mere rule of evidence, which after all leaves the jury free to decide the issues upon all of the evidence in the case, unlawfully curtails the right to a trial by jury. That it does not is shown by In re Peterson, supra; Meeker v. Lehigh Valley R. Co., 236 U. S. 412, 35 S. Ct. 328, 59 L. Ed. 644; Oklahoma Gas & Electric Co. v. Bates Expanded Steel Truss Co., 34 F.(2d) 547 (D. C.); Holmes v. Hunt, 122 Mass. 505, 23 Am. Rep. 381; Locke et al. v. Bennett, 61 Mass. (7 Cush.) 445.

■ The exceptions to the report raise the same question of the sufficiency of the evidence as those relating to the verdict. There was no error if there was any substantial evidence to show that the defendant had reasonable cause to believe that it was being preferred.

■ Such evidence was present in ample amount. A loan of long standing had been slowly reduced in response to the repeated efforts of the bank to collect as fast as it could, when, quite contrary to what might be expected from the history of the loan, the representative of the debtor tendered $16,000 as a payment on a note which would not be due for more than a month. He then said something about the making of an assignment by the debtor. The bank con-

sulted both the debtor's attorney and its own before the payment would be accepted. An assignment for the benefit of creditors was made by the debtor the next day. All this too fairly shows that the payment may have been received by the bank not in the usual course of business and with reason to believe that it was being preferred over other creditors of the same class to rule as a matter of law that there was error in denying the motion to set aside the verdict and in entering judgment thereon.

Judgment affirmed.

MANTON, Circuit Judge (dissenting).

The auditor appointed was to "define and simplify all the issues herein; to take and report testimony; to audit and state accounts; to make computations; to make findings on conflicting evidence and to make and file a report thereon in the office of the Clerk of this Court with all convenient speed, which report shall not finally determine the issues, but shall * * * be admitted at the trial before the jury as prima facie evidence of the evidentiary facts and of the conclusions of fact therein set forth."

The auditor heard testimony; he defined the issues to be: (a) Whether the bankrupt intended to and did effect an unlawful preference of the defendant over other creditors; and (b) whether the defendant knew or had reasonable cause to believe that the bankrupt was insolvent at the time of payment, and that the payment would effect a preference.

Not content with defining the issues, he presumed to decide them. He found that the bankrupt intended to effect a preference, and that the appellant knew of the bankrupt's insolvency at the time of payment and that the payment would effect a preference. His determination of these issues was offered in evidence and received over objection and exception. The finding of the auditor was that the "Elite Rug Company, Inc., knew that this would be the effect of such payment and intended to effect such preference," and that, "The defendant had reasonable cause to believe that the Elite Rug Company, Inc., was insolvent when such payment was made and that the payment would effect the preference aforesaid."

The appellant was entitled to a jury trial, and therefore a jury's answer to the questions of whether the Elite Rug Company, Inc., was insolvent when payment was made, and whether or not the payment would effect a preference. It was a right guaranteed to the appellant under the Seventh Amendment to the Constitution. Schoenthal v. Irving Trust Co., 287 U. S. 92, 53 S. Ct. 50, 77 L. Ed. 185. In re Peterson, 253 U. S. 300, 40 S. Ct. 543, 547, 64 L. Ed. 919, sustains the District Court's authority to appoint an auditor because "courts have * * * inherent power to provide themselves with appropriate instruments required for the performance of their duties." But the auditor must not be substituted for the jury where a defendant is entitled to a jury trial. As said in the Peterson Case: "In so far as the task of the auditor is to define and simplify the issues, his function is, in essence, the same as that of pleading."

Findings, as such, are proper, but the findings here made by the auditor were not simply the findings as to proof, but were the findings as to the things to be proved. He did not find only what the facts were, but made findings decisive of the very issues involved. He determined in his findings all the issues which the jury were to answer. The court supported the right to appoint the auditor in the Peterson Case, saying: "Nor can the order be held unconstitutional, as unduly interfering with the jury's determination of issues of fact, because it directs the auditor to form and express an opinion upon facts and items in dispute. The report will, unless rejected by the court, be admitted at the jury trial * * * as prima facie evidence."

But this does not mean that the report of an auditor, his determination of issues, is admissible in its entirety, including his conclusions on the questions which the jury must decide. In the instant case, the auditor served no purpose because all the testimony was submitted anew to the jury.

The theory and the purpose of an auditor has been, not to decide cases, but to assist in determining balances of accounts where long items of accounting are involved; to aid a jury in simplifying issues, never to decide issues of insolvency or preference in payments.

With the report of the auditor, including his conclusions upon the issues involved before the jury, there was placed in the balance against the appellant a determination by an officer of the court of the very issues which the jury were to determine. This was not the kind of assistance intended by general rule 26 of the Rules of the Dis-

trict Court of the United States for the Southern District of New York, and, on the contrary, was prejudicial to the appellant.

The judgment should be reversed and a new trial ordered.