**GRAFFIS et al. v. WOODWARD et al.**
**No. 6468.**

Circuit Court of Appeals, Seventh Circuit.
April 18, 1938.

As Amended May 2, 1938.

Rehearing Denied May 24, 1938.

Williams, Bradbury, McCaleb & Hinkle, Clifford C. Bradbury, and Warren C. Horton, all of Chicago, Ill., for petitioners.

Frank Parker Davis and John R. Nicholson, both of Chicago, Ill., for respondent Charles E. Woodward.

I. Joseph Farley, of Detroit, Mich., for Ford Motor Co.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

Petitioners have filed a petition praying that this court issue its writ of prohibition and, or alternatively, its writ of mandamus, directed to the Honorable Charles E. Woodward, United States District Judge, and the United States District Court for the Northern District of Illinois, Eastern Division, ordering and directing that a certain order of reference to an auditor heretofore entered by Judge Woodward on November 5, 1937, be vacated, and that no proceedings or hearings be taken or had under or in accordance therewith, and ordering and directing that the cause in which the order complained of was entered, be restored to the trial calendar and proceeded with in the regular way.

The facts which gave rise to the order from which the relief is sought are as follows. Petitioners filed their suit at law December 2, 1936, against the Ford Motor Company, for damages for infringement of a patent owned by them. They demanded jury trial of the issues. The defendant filed its answer denying the validity of the patent sued on or that it had infringed that patent, and also denying that petitioners had suffered any damage. The case was at issue and appeared on the trial calendar on March 25, 1937, to be set for trial. It was reset from time to time, and on October 11, 1937, the court suggested that the cause might be referred to an auditor. Thereupon both parties filed briefs as to the legality and advisability of such reference, and over petitioners' vigorous protest, the order of reference was entered.

The order recited that it was entered upon the motion of the court, upon his examination of the pleadings in the case, and finding that the issues and facts involved were complex, intricate and of a type not easily understandable by jurors, and that there were so many separate issues of fact that a jury would have constant difficulty remembering and passing upon them, and that a substantial amount of time would be consumed in court involving a detailed examination of various witnesses

and voluminous records which could be largely obviated by the appointment of an auditor. It also appeared to the court that such appointment would reduce the general expenses of the case. The order of appointment provided that the auditor make preliminary investigation as to the facts, conduct hearings and hear whatever evidence, and consider all documents, records and testimony either party might see fit to produce, and file a report with a view to simplifying the issues for the jury. It also provided that the auditor should have power to compel attendance of and administer oaths to witnesses, and compel the production of papers and documents. Fees, compensation and expenses of the auditor, including traveling and stenographic expenses, were to be fixed by the court and to abide the result of the action. The court specifically provided that the auditor should not finally determine any of the issues of the action, but that such final determination of all issues of fact should be made by the jury on the trial.

The auditor was ordered to report separately as to the issues of fact upon a variety of items lettered (a) to (g) and numbered (1) to (19), separating disputed from undisputed items, and indicating his opinion as to the disputed ones. The items included citizenship and residence of the parties plaintiff; their interest in the subject matter of the suit; whether or not they had legal title to the patent involved; its utility; notice of infringement to defendant, with dates of such notice, if any; validity; infringement; the number of motor vehicles of each type made and sold by defendant charged to infringe within the period covered by the suit; date of invention; damages claimed; alleged reasonable royalty including facts as to licenses; prior discovery and prior publication; invalidity due to patentee's wrongful obtaining of invention of others; nonpatentability of device on account of aggregation; estoppel on the part of plaintiff to maintain the patent in such scope as to cover defendant's alleged use.

Petitioners earnestly urge the invalidity and inequity of the order of reference, basing their objections thereto on eight grounds:

"1. It seriously abridges and denies plaintiffs' right to a trial by jury, as insur-

ed by the Seventh Amendment to the Constitution, and article 2 of the Ordinance of 1787.

"2. It is in direct conflict with the decisions of the courts of the United States and Section 635 of Title 28, U.S.Code, [28 U.S.C.A. § 635] prescribing the mode of proof in the trial of actions at common law.

"3. It is an unlawful attempt at judicial legislation and provides for an improper delegation of judicial power.

"4. It refers to an auditor, questions and issues upon which an opinion is sought, which questions and issues are solely for the jury in said cause.

"5. No basis, reason, or necessity therefor appears in the record.

"6. It unlawfully and unreasonably multiplies and increases the cost of litigation, and because of plaintiffs' limited financial means may in effect deny them their day in court.

"7. It illegally and unfairly delays the trial of said cause.

"8. The order, even if it were constitutionally proper, is defective in the scope of lack of proper limitations upon, or clearness of directions to, the auditor named therein."

The jurisdictional question of the right of this court to pass upon the order of reference entered by the District Court by means of the petition here presented, for writ of mandamus or prohibition, is not here raised, having been determined by the Supreme Court in the case, Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 545, 64 L.Ed. 919. There the same procedure was used to bring before that Court the question of the validity of a similar order, of reference to an auditor, and the Court held that it had jurisdiction to consider the matter.

Both parties refer to a number of cases in which auditors were used in the trial of cases at law, respondent to show that such practice is firmly established by such cases, and petitioners to show that the practice has been used only when the cases involved complicated arithmetical computations, or where the reference was by consent of the parties.[1] Because we are convinced that the case, Ex parte Peterson, supra, has established the rule to be follow-

[1] See Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919; Hecker v. Fowler, 2 Wall. 123, 69 U.S. 123, 17 L.Ed. 759; Fenno v. Primrose, 1 Cir., 119 F. 801; Benton v. Deininger, D.C., 21 F.2d 657; Craven v. Clark, C.C., 186

ed in the case at bar we refrain from discussion of the other cases. Petitioners contend that this case does not control the decision of the case at bar for the reason that it did not involve a patent infringement, or even a tort, but was simply another case where there was a very complex series of accounts which could best be simplified by reference to an auditor. No case has been found by the parties or by us where the trial court ordered reference to an auditor of a case at law arising out of an action for patent infringement. But see Los Angeles Brush Corp. v. James, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481, for a somewhat similar question arising in a case in equity.

The Peterson Case was an action at law to recover a balance alleged to be due for coal sold and delivered. The defendant filed a counterclaim setting up many additional items which he claimed resulted in a balance due him, and he also claimed damages for plaintiff's failure to perform the contract in full. An auditor was appointed by the trial court over the protest of the plaintiff. His functions were described by the Supreme Court "to segregate those items upon which the parties agreed and to classify those actually in controversy, and thus, having defined the issues, to aid court and jury by directing their attention to the matters in dispute. The second function of the auditor was to form a judgment and express an opinion upon such of the items as he found to be in dispute." The Court approved the procedure followed and found that the District Court had inherent power to provide itself with appropriate instruments required for the performance of its duties, even though such instruments did not exist at common law, and had not been authorized by Congressional legislation. It held that the procedure adopted did not violate the Constitutional requirement of trial by jury. "The command of the Seventh Amendment that 'the right of trial by jury shall be preserved' does not require

that old forms of practice and procedure be retained. * * * New devices may be used to adapt the ancient institution to present needs and to make of it an efficient instrument in the administration of justice. * * * The limitation imposed by the Amendment is merely that enjoyment of the right of trial by jury be not obstructed, and that the ultimate determination of issues of fact by the jury be not interfered with."

The Court also held that the order could not be held unconstitutional as unduly interfering with the jury's determination of issues of fact because it directed the auditor to form and express an opinion upon facts and items in dispute. "The report will, unless rejected by the court, be admitted at the jury trial as evidence of facts and findings embodied therein; but it will be treated, at most, as *prima facie* evidence thereof. The parties will remain as free to call, examine, and cross-examine witnesses as if the report had not been made. No incident of the jury trial is modified or taken away either by the preliminary, tentative hearing before the auditor or by the use to which his report may be put. An order of a court, like a statute, is not unconstitutional because it endows an official act or finding with a presumption of regularity or of verity."

The Court also discussed, by way of comparison, the well established use of masters, auditors, examiners and commissioners in courts of equity, stating, "Whether such aid shall be sought is ordinarily within the discretion of the trial judge; but this court has indicated that where accounts are complex and intricate, or the documents and other evidence voluminous, or where extensive computations are to be made, it is the better practice to refer the matter to a special master or commissioner than for the judge to undertake to perform the task himself."

The Court then held that courts of law had just as much power to make use of such aids as had courts of equity, although

F. 959; Vermeule v. Reilly, D.C., 196 F. 226; United States v. Wells, D.C., 203 F. 146; Eichberg v. U. S. Shipping Board Emergency Fleet Corp., 51 App. D.C. 44, 273 F. 886; Id., 52 App.D.C. 194, 285 F. 928; U. S. Shipping Board Emergency Fleet Corp. v. Eichberg, 56 App.D.C. 356, 14 F.2d 248; Sweet v. Lang, 8 Cir., 14 F.2d 762; St. Paul Fire & Marine Ins. Co. v. American Food Products Co., 8 Cir., 21 F.2d 733; Veneri v. Draper, 4 Cir., 22 F.2d 33; Mounger v. Wells, 5 Cir., 23 F.2d 374; Newark Fire Ins. Co. v. Bisbee Linseed Co., 3 Cir., 33 F.2d 809; Oklahoma Gas & Elec. Co. v. Bates Expanded Steel Truss Co., D.C., 34 F.2d 547; Day-Gormley Leather Co. v. National City Bank, D.C., 8 F.Supp. 503; Keith v. Endicott Johnson Corp., 2 Cir., 75 F.2d 249; Irving Trust Co. v. Trust Co. of N. J., 2 Cir., 75 F.2d 280; Westchester Fire Ins. Co. v. Bringle, 6 Cir., 86 F.2d 262.

332

the occasion for seeking such aid arises less frequently at law than in equity. "The inherent power of a federal court to invoke such aid is the same whether the court sits in equity or at law."

 Our study of the Peterson Case convinces us that, although that particular case involved an accounting and complicated items of arithmetical computation, the holding of the Court was by no means limited to use in such cases, but, on the contrary, whenever the trial judge finds that issues are very complex, or evidence, documentary or otherwise, very voluminous, he may, in his discretion, order a hearing by an auditor for the purpose of simplifying the issues of fact for presentation to the jury. We reach this conclusion somewhat reluctantly in view of the fact that we are convinced that it may often result in grave injustice to litigants by imposing upon them extraordinary expenses of litigation which they will have no way of estimating prior to the filing of their suits. The case at bar well illustrates the dangers of the procedure. Counsel for petitioners have by affidavit declared that their clients are unable to bear unusual costs of litigation, while the defendant, one of the wealthiest corporations in the United States, is well able to meet any and all costs that may be incurred. It is a well known fact that references to a master or similar officer of the court are often productive of great expense to the litigants, and in amounts which there is no way of measuring in advance of the litigation. In equity the allowance of such costs is a matter of discretion, but in actions at law the prevailing party is entitled to costs as of right (Ex parte Peterson, supra), hence a litigant at law may well question the advisability of embarking upon litigation, the expense of which he has no way of estimating in advance, and which may be so heavy as to ruin him if he is defeated in his action. See Parker Rust Proof Co. v. Ford Motor Co., D.C., 23 F.2d 502, at page 506.

However, we are convinced that, under the ruling in the Peterson Case, the foregoing considerations and observations are not grounds for prohibiting the reference here ordered. We cannot say that there was an abuse of discretion on the part of the trial judge who entered the order. We do say, however, that such references are to be used very sparingly, in view of the possible hardships they may create.

The petition for the writ of prohibition or mandamus is denied.