### FRAVER v. STUDEBAKER CORP.
### Civ. A. 7828.

United States District Court
W. D. Pennsylvania.

Nov. 20, 1950.

William J. Ruano, Pittsburgh, Pa., for plaintiff.

William H. Webb, and Webb, Mackey & Burden, all of Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This matter is difficult of solution. The court undoubtedly has power under Rule 53(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to appoint a special Master, as defendant vigorously and persuasively requests. Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919; Graffis et al. v. Woodward, et al., 7 Cir., 1938, 96 F.2d 329. To exercise the power seems to be a matter of discretion which should only be exercised in exceptional circumstances.[1]

There may not be quite as many issues in this case as in the Graffis case, but the defenses presented by the defendant create issues which seem complex and complicated to the court. [2]

Plaintiff in his brief admitted that a Master should be appointed to determine the damages. However, he makes this admission believing that the jury trial for which he asks can be separated into two parts,—in the first, the jury determines validity and infringement; in the second, assuming that the jury finds for the plaintiff, the Master determines the damages. We are of the opinion that the jury must determine all issues including damages by its verdict, "in a single indivisible action". Sinclair Refining Co. v. Jenkins Petroleum Process Co., 289 U.S. 689, 53 S.Ct. 736, 77 L.Ed. 1449; Knight-Morley Corporation et al. v. Electroline Mfg. Co. et al., D.C., 10 F.R.D. 400, 402.

Plaintiff also claims that appointment of a Master will cause financial hardship to him. This, of course, would be true and would be especially so if plaintiff loses. This consideration moves us to refuse the appointment. Litigants do not contemplate these extraordinary and unusually heavy expenses. They should not be inflicted except in cases of most compelling necessity. Perhaps this is an example of such a case as defendant contends, and we realize predictions as to expenses in a lawsuit are in the realm of speculation; notwithstanding, it is our determination not to run the risk of erroneously causing extraordinary expense on this plaintiff, and therefore an order will be entered refusing the petition to appoint a Master.

---

1. "* * * such references are to be used very sparingly, in view of the possible hardships they may create." Graffis et al. v. Woodward et al., 7 Cir., 96 F.2d 329, 332.

2. Plaintiff charges defendant with infringement of Fraver Patent No. 1,903,037, alleging same to arise out of manufacture and sale by defendant of a ventilating and heating system for the Studebaker automobile known as "Studebaker Thermo-Controlled Climatizer."

   Defendant suggests the issues in the litigation will be: (a) infringement involving comparison of the patent with the Studebaker product and with approximately twenty-five prior art devices; (b) validity of the patent in suit; (c) issue of file wrapper estoppel; (d) issue that claim is a mere aggregation of elements and not a patentable combination; (e) issue of whether patent in suit is inoperative; (f) laches; (g) damages, involving consideration of reasonable royalties, selling prices, profits, and other matters of complex accounting.

   Since this case was argued plaintiff has amended his allegation for damages thereby somewhat reducing the complications.