**SUTTON v. JOHNSON COTTON CO.**

No. 4648.

Circuit Court of Appeals, Fourth Circuit.

Aug. 9, 1940.

James E. Leppard, of Chesterfield, S. C., for appellant.

James S. Verner, of Darlington, S. C. (Samuel Want and Sam Rogol, both of Darlington, S. C., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

Johnson Cotton Company, plaintiff in the District Court, brought an action at law against J. L. Sutton to recover a balance claimed to be due under a contract which

---

[2] See Alterman v. Home Ins. Co., 195 App.Div. 151, 186 N.Y.S. 462.

called for the delivery of fertilizer by the plaintiff to the defendant at prices to be designated by the former. The agreement, which is somewhat confusing and complex in its terms, provides among other things for the sale by the defendant of goods to be consigned to him by the plaintiff, the retention of title to the goods by the plaintiff notwithstanding delivery to the defendant, the guarantee by the defendant of the purchasers' accounts and notes for goods sold on credit, and the delivery to the plaintiff of the defendant's note on a fixed settlement date for the purchase price of all fertilizer delivered under the contract and not paid for at the time. Notwithstanding these provisions which indicate a consignment of goods for sale at prices to be fixed by the consignor, the contract was described by the parties during the trial as a sale of goods by the plaintiff to the defendant, and was so designated by the District Judge in his decree wherein a balance in the plaintiff's favor was adjudicated.

We have no concern with the merits of the controversy as the judgment must be reversed because of the method adopted, over the objection of the defendant, in the trial of the case. Immediately upon the joinder of issue, which occurred before the effective date of the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff moved the court to refer the case to an auditor or special master to state an account. Thereupon, the court appointed a special master and directed him to take testimony showing the conflicting contentions of the parties as to the condition of the accounts between them, but directed that all issues of law and fact arising out of the testimony should be "reserved for trial before the court, or before the court and a jury". This order was passed over the objection of the defendant.

Testimony was accordingly taken before the master and returned by him to the District Court; and thereupon the court, upon the motion of the plaintiff and over the objection of the defendant, considered the testimony so taken and gave judgment for the plaintiff in the sum of $17,365.86. The judge felt justified in reaching this conclusion because the defendant in his statement of the account before the auditor admitted that this sum was owing to the plaintiff, subject, however, to certain credits of a greater amount, and the judge was of the opinion that under the evidence the credits could not be sustained. To some extent at least the rejection of the credits claimed by the defendant involved a finding of fact.

■ The appointment of an auditor in an action at law for goods sold and delivered, involving a counterclaim and many items of cross account between the parties, is entirely proper under certain conditions, as the Supreme Court decided in Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L. Ed. 919; see, also, Coyner v. United States, 7 Cir., 103 F.2d 629; Graffis v. Woodward, 7 Cir., 96 F.2d 329. It was held in Ex parte Peterson that it was not a violation of the Seventh Amendment for the court to appoint an auditor to examine the books and papers of the parties, hear testimony, separate the disputed from the undisputed items in the account, and make a report expressing an opinion upon the matters in dispute; and also that the report might be received at the trial as prima facie evidence of the conclusions stated therein, provided the issues of fact were left to the final determination of a jury before which the parties were free to call and examine witnesses.

Such a procedure would have been proper in the instant case, but it was not followed. The special master did little more than take the deposition of witnesses and give the parties an opportunity to simplify the issues by presenting their respective statements of the account. He made no finding of fact and expressed no opinion, but merely returned the testimony of the witnesses, and when the report came in, the court proceeded to pass upon the evidence taken by the special master and to render judgment without the intervention of a jury. The defendant was given no opportunity to present his witnesses to the jury or to have their judgment upon the disputed issues of fact.

The plaintiff having chosen to bring an action at law, did not contend in the District Court that the case was properly cognizable in equity, and should therefore be heard by the judge without a jury. See American Chemical Co. v. Barnes Co., D. C., E.D.S.C., 28 F.Supp. 73. No such contention is made in the briefs on this appeal, although it was casually suggested in passing in the course of the argument in this court. Under these circumstances, we express no opinion on the point. A relevant discussion may be found

in 1 Am.Jur. 293–304; 1 C.J.S., Accounting, §§ 1-31, 638–662.

In any event, it is obvious that the defendant has not had his day in court. He was justified in assuming that he would be given a trial by jury; and if this course had been followed, the case would not have been tried by the judge on the evidence taken by the master but before a jury upon the testimony of witnesses appearing before it. Even if a reference to an auditor in the manner approved in Ex parte Peterson, .supra, had been directed, and his conclusions had been submitted to the jury as prima facie correct, the evidence taken by him would not have been introduced but the case would have been tried upon his report and such evidence as the parties might desire to present. It is true that the judge, pending consideration of the motion of the plaintiff for a verdict upon the evidence taken before the special master, offered the defendant an opportunity to take additional evidence before the master, but of course this was not equivalent to a jury trial.[1]

The judgment of the District Court must therefore be reversed and the case remanded for a new trial.

Reversed and remanded.

---

[1] Upon the new trial, the District Court will not be bound in its consideration of the merits of the controversy by any reference herein to the facts of the case. and will be free to proceed in accordance with such of the rules of civil procedure which may be found to be applicable.