**KNUTSON v. METALLIC SLAB FORM CO.
et al.**

No. 10054.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1942.

See, also, 5 Cir., 128 F.2d 408; 5 Cir., 130 F.2d 200.

J. H. Burr, of Houston, Tex., for appellant.

M. S. McCorquodale, of Houston, Tex., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The suit was at law for damages for breach of contract. The defense was denial and counterclaim under the same contract, and as to the surety, discharge from the contract. No jury was demanded and the judge made detailed findings of fact and conclusions of law, as a result of which the surety was held discharged. Some items of damage were found in plaintiff's favor and some in favor of the defendant, with judgment for a small balance for plaintiff. Plaintiff alone appealed, generally from the whole judgment. Appellant designated to be included in the record "the complete record and all the proceedings and evidence in the action", and named in detail the items, among them the reporter's transcript of evidence and proceedings at the trial, and two hundred exhibits to be sent up in the original. No statement of points to be relied on was filed. No effort to abbreviate anything was made as directed by Rule of Civil Procedure 75(e), 28 U.S. C.A. following section 723c. In this court, proceeding under our Rule 23, appellant designated to be printed much but not all of the record, including the entire tran-

script of the evidence and proceedings, over 1400 printed pages, and numerous exhibits filling 200 printed pages. Appellees made no designation. On the hearing in this court the cause was reversed and remanded for further trial. Knutson v. Metallic Slab Form Co. et al., 5 Cir., 128 F.2d 408, with costs of appeal to appellant. The surety, Western Casualty and Surety Company, filed a motion to retax the costs, amounting to about $2,679, so as to charge not more than one-fourth to appellees, because three-fourths of the matter brought up and printed was unnecessary to the decision of the questions made on the appeal. We required a specification of the portions claimed to be unnecessary, which has been made by amendment of the motion.

Rule of Civil Procedure 75 gives great latitude to the parties and requires little supervision of them in making up the record on appeal. Slight attention, we have observed, is given to reducing the matter to be brought to the appellate court, and the whole labor of separating the important from the unimportant is falling upon the appellate judges, who because of unfamiliarity with the case have frequently to read and consider all in order to do this. But Rule 75(e) does require the omission from the record on appeal of "all matter not essential to the decision of the questions presented by the appeal", and provides that the appellate court may withhold or impose costs for the discouragement of infractions, and either upon the party, or upon his counsel whose want of diligence and attention is often the true fault.

■■■ The printing of the record is within the control of the appellate court. Rule 75(*l*). The Circuit Courts of Appeal have made various rules touching the selection of the matter for printing. Some require each party to print as an appendix to his brief the portions he relies on, the expense of which may be awarded by the court as costs according to circumstances. Because of the patchwork character of this presentation, making a consecutive picture of the case and the trial difficult, this court did not adopt that plan, but made its Rule 23, the material part of which is copied in the margin.[1] It is designed to enable the parties to protect themselves if they will against the liberality of Rule of Civil Procedure 75, when it comes to the expense of printing. The scheme of our Rule is, that if no other direction is given, the Clerk will print the entire record on appeal, it being presumed that the parties consider it all necessary. If either party considers that the whole is not necessary, he, serving the other parties with notice, may designate the portions he considers necessary. The other parties may supplement the designation. The Clerk will then print only what has been so designated. The court is ordinarily not bound to search further the record, but if in argument or decision it appears that unprinted matter ought to be considered, the court may order it printed, or will examine the original transcript. The requesting of the printing of unnecessary parts of the record will result in the cost thereof being imposed specially on the party requesting it, or on his counsel.

■■■ We are of opinion that this court may of its own motion enforce both Rule 75(e) and our Rule 23. It would save much time and labor and contribute to the efficiency of the court if litigants would exert themselves to eliminate from the record what is unimportant to the appeal. The imposition of costs upon counsel, rather than on clients might be most stimulating,

[1] 1. Within five days after the record is deposited in this court, if either party considers that the whole of it is not necessary to be considered by the court, he may file with the clerk, together with an affidavit or acknowledgment of service on the opposite party or parties, or his or their counsel, a request that only designated portions be printed. Within five days from the date of such service, the opposite party or parties may file with the clerk a request for the printing of such portions as he or they think necessary. The clerk shall print only the portions of the record which have been designated, together with the requests therefor; and the court shall be bound to consider only such, but it may refer to other portions or cause others to be printed if found needful. If on hearing the case it appears that either party has requested unnecessary parts of the record to be printed, the cost thereof may be imposed by the court upon such party or his counsel.

\* \* \* \* \*

3. \* \* \* The parties may, by written stipulation filed prior to the printing of the record, agree that only parts of the record shall be printed, and the same may be heard only on the parts so printed, but the court may direct the printing of other parts of the record.

and would in many instances be most just, where diligence and skill were clearly not used. Also the unsuccessful litigant is entitled to be not unduly condemned in costs. When he protests, as here, it is our duty carefully to examine his complaint.

We may, however, observe that before the decision there is opportunity of self-protection. Stipulations may often serve to eliminate much from the transcript or the printing. Rule 75(e) mentions that a fair narrative statement of the evidence offered, but refused with a demand for the more expensive question and answer form, may impose on the demandant the cost of the latter. Rule 75(f) provides for very extensive stipulations. Under our Rule 23, stipulations are in practice often made, and easily save much printing. Frequently a question on appeal concerns the sufficiency of the evidence to support a verdict or judgment, so that all the evidence is relevant; but if the real question is only as to liability, a simple statement that the evidence on other points was sufficient would save inclusion of that evidence. Often the bulk of the testimony in a personal injury case is that of differing physicians, or of the injured person and his family or neighbors as to the extent of the injury, which was very important to the amount of the recovery; but since the appellate court has no concern ordinarily with the amount, that evidence is unnecessary to the appeal. If either party should tender to the other a concession for the purposes of the appeal that there was evidence of injury, so that this matter need not be printed, and if the other party should nevertheless designate it for printing, we should hold that this matter after such tender was unnecessary to be printed and impose costs accordingly.

There is undue timidity about shortening records. Rule 75(h) provides means for obtaining any matter from the district court which it later appears ought to have been included in the transcript. Our Rule 23 gives full liberty to this court to inspect the transcript or have additional matter in it printed, if a proper disposition of the case requires it. The time is past in federal procedure when inadvertent or technical failures, or omissions that can be supplied, will wreck the right decision of a case.

■ Here, no one tendered abridging stipulations, nor did appellees offer any designation for the transcript or for the printing. We have the simple questions: Was Rule 75(e) so disregarded in making up the record on appeal, or our Rule 23 in printing it, as to require deviation from the general principle that in a law case full costs will be awarded an appellant who obtains a general reversal? In the district court the appellant's designation was of the complete record, and all proceedings and evidence. Specially named were the proceedings in the State court before removal to the federal court, and nine items of pleading in the federal court which resulted in the filing of an amended complaint, completely superseding all that went before. No question was decided about any of these in the trial court, and none could arise in the appellate court. There was no reason at all for including any of this matter in the transcript except the order of removal and the amended complaint. There are also many motions and uncontested orders for amended and supplemental pleadings which could not be essential to any question on appeal. These should have been omitted.

As to the reporter's transcript, which under Rule 75 appellant had the right to file and use, there was still the duty under 75(e) to eliminate unessential matter. The first eighteen pages, as printed, are an explanation of the pleadings made to the judge by the lawyers, and contain no ruling. The following ten pages state the introduction of various written exhibits, which are not there set out, and as to which no ruling was made. Nothing essential to the appeal appears in these 28 pages. The testimony of the first witness occupies one hundred printed pages. Page after page is taken up with colloquies between court and counsel on which no error was ever specified. These ought to have been eliminated, so that questions and answers alone should appear, with such rulings as were intended to be contested. The same mixture of unessential matter occurs in the testimony of other witnesses.

A large item of the counterclaim was for damages suffered because appellant would not permit the use of metal instead of wooden forms. The court held that the contract required the use of wood, and found in appellant's favor as to this item. Appellant of course did not specify error as to this item, and appellees not having appealed, could not attack it. Another large item of the counterclaim was based on appellant's failure to furnish adequate hoisting facilities. The court held this

claim barred and settled by a certain writing, and decided it also in appellant's favor. A large part of the testimony relates to these two claims. None of it was "essential" or "necessary" to a decision of the questions on appeal. We find 177 printed pages touching the one claim and 101 pages touching the other, for which no cost should be allowed appellant either for transcript or printing.

The evidence touching appellant's outlay for material and labor in finishing the work was needlessly detailed and cumbered with accounts and invoices. But it was relevant to his contention that the sum allowed was inadequate. Most of it could have been eliminated by reasonable stipulation as to its effect, but neither side offered to stipulate. We let the cost bill remain unchanged as to this and other items not specially discussed. Upon the whole we consider that one-fourth of the entire cost of appeal should be borne by appellant, and that three-fourths only should be recovered from the appellees by him.