**BROSIOUS v. PEPSI–COLA CO. et al.**

**Civ. No. 856.**

District Court, M. D. Pennsylvania.

Feb. 5, 1943.

Miller Alanson Johnson, of Lewisburg, Pa., for plaintiff.

Snyder, Hull, Leiby & Metzger and Walter H. Compton, all of Harrisburg, Pa., and Arthur T. Vanderbilt, of Newark, N. J., for defendant Pepsi-Cola Co.

Cloyd Steininger, of Lewisburg, Pa., and Ritchie, Janney, Ober & Williams, of Baltimore, Md., for defendant Cloverdale Spring Co.

WATSON, District Judge.

On January 5, 1943, the plaintiff filed its motion for an order referring this matter to a special master for hearing and report. The motion alleges that the issues in this action are unusually complicated and will require the taking of much evidence and the examination of many documents. Objections were filed by the defendant, Pepsi-Cola Company, and hearing was had on the motion and objections.

From the hearing it appears that the alleged necessity for the appointment of a master arises only from the requirements of proof relative to damages sustained by the plaintiff. No demand having been made for a trial by jury, the plaintiff's motion must be considered in the light of that portion of Rule 53(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads as follows: "In actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

This action was brought under the provisions of 15 U.S.C.A. § 15. An examination of the allegations of the complaint clearly shows that there are no "exceptional" conditions requiring a reference to a master of the issues relative to liability on the part of either or both defendants. This leaves only the matter of damages as a proper issue for reference to a master. I feel that the orderly way to dispose of this case is to determine first whether or not there is liability on the part of these defendants and, if it is found that they are liable for such damages as the plaintiff may have sustained, then the issue relative to the amount of the damages suffered by the plaintiff may be submitted to a master if it is then found that there is necessity for such reference. The case of Connecticut Importing Co. v. Frankfort Distilleries, D.C., 42 F.Supp. 225, which the plaintiff relies upon as supporting his motion, involves an entirely different situation. There the parties had been awarded a jury trial and the trial court found it advisable to refer the question of damages to a master prior to trial so that the jury might have the benefit of the master's findings and conclusions. Here the issues are to be tried by the court without a jury, and there is nothing to indicate that anything would be gained by referring the question of damages to a master prior to the trial of the other issues.

The motion of the plaintiff for an order referring this matter to a special master be, and it is hereby, denied.