## PHILLIPS PETROLEUM CO. v. WILLIAMS et al.

### No. 11511.

Circuit Court of Appeals, Fifth Circuit.

Feb. 11, 1947.

For former opinion, see 158 F.2d 723.

Warren M. Sparks and E. H. Foster, both of Amarillo, Tex., and Rayburn L. Foster, R. B. F. Hummer, and Don Emery, all of Bartlesville, Okl., for appellant.

E. Byron Singleton and D. H. Culton, both of Amarillo, Tex., for appellees.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

In Knutson v. Metallic Slab Form Co., 5 Cir., 132 F.2d 231, 233, we have carefully pointed out that Federal Rule of Civil Procedure 75(e), 28 U.S.C.A. following Section 723c, and Rule 23 of this court, for printing records, emphasize the virtues of abbreviating the record and its printing and the vices of unduly lengthening it. In that case we said:

"There is undue timidity about shortening records. Rule 75(h) provides means for obtaining any matter from the district court which it later appears ought to have been included in the transcript. Our Rule 23 gives full liberty to this court to inspect the transcript or have additional matter in it printed, if a proper disposition of the case requires it. The time is past in federal procedure when inadvertent or technical failures, or omissions that can be supplied, will wreck the right decision of a case."

Since that decision was rendered, our Rule 23 has been further amended by the

addition of Subdivisions 10 and 11. Subdivision 10 makes provision for shortening the printed record and for penalties for not doing so when, in lieu of having the record printed under the supervision of the clerk of this court, appellant has it printed below. Subdivision 11 authorizes the appellant to apply to the trial judge for an order preventing unnecessary printing, whether the printing is done under Subdivisions 1 or 10.

■ Rule 75 of the Rules of Civil Procedure, for making up the record, as well as our Rule 23, was drawn to save useless costs and to bring a record on appeal within the compass of its real issues instead of permitting it to sprawl extravagantly and in confusion over thousands of printed pages. With any proper attention to the mechanics of getting up a record to present the points at issue, this record could have been compressed into at least one-third of its dreary expanse. Lawyers owe an obligation to their clients, to the courts, and to those opposed to them to use every reasonable endeavor to comply with the injunctions of Rule 75 and Rule 23. Nor need any counsel, through fear of a fatal omission, overload the printed record needlessly, for, as we pointed out in the Knutson case, this court has ample authority to, and will, consider matters contained in the record brought up, though not printed. We did so in Reeve Bros. v. Guest, 5 Cir., 132 F.2d 778. This court has ample authority, too, to supplement the record if there has been omitted from it matter which is deemed necessary or appropriate in the decision of the case. This does not mean that counsel should go to the other extreme of bringing up and printing nothing but a skeleton record. It means that with the same fidelity and intelligence with which they conduct the affairs of their clients up to the preparation of the record and its printing, they should conduct that preparation and that printing. It means that where possible counsel should, by concerted action with their opposites, abbreviate the record by agreement, and where not possible to agree, counsel, charged with designating and printing the record, should use common sense and judgment in doing so.

■ This court has deliberately rejected the rule, obtaining in some circuits, which dispenses altogether with the printing of a record, requiring counsel to print in their briefs such parts of the record as they think appropriate. We have preferred our rule, to print in composite form the record upon which we are to determine the case, because we have found this more convenient than searching through the briefs of the parties for the portions of the record each thinks important. We have preferred our rule, too, because, if it is properly applied, it will produce a continuous and connected record involving less printing in the end than if each counsel prints the parts he wants in his own brief.

■ Where the record is small, the matter under discussion is of small moment. Where, however, as here and as is often the case, there is a large record, it is of real moment that the rules for designating and printing be complied with. This court will, therefore, not only entertain with sympathy motions to retax for excessiveness but will of its own motion more often scrutinize records for abuses in this regard with a view to imposing not only on the client, whose counsel has erred, but on counsel, whose duty it is to make up the record, costs commensurate with the breach of this duty.

The record in this case was designated solely by appellant (Tr. p. 249–253), no additional designation being asked by appellee. The printing was done in this court under Rule 23, Subd. 1, at appellant's direction, no request being made by appellee, and the record does not show that appellant made any effort to abbreviate the record or request stipulation as to it. Under these circumstances, the fault, and there is great fault, in overdesignation of the record, under Rule 75(e), and in over printing it, under Rule 23(1), lies at appellant's door, and this court is authorized of its own motion or upon complaint of the opposite party, "in discouragement of like conduct in the future," to impose the costs of overdesignating and of over-printing on appellant or on its counsel. Here no complaint was made by appellee in the briefs or at the hearing of the case, and this court's attention was not spe-

cifically called to the fact that excessive designation or excessive printing had occurred. Appellees' motion, by complaining of it, brings the matter of excessive printing to our attention, and an examination as to that brings to our attention also the excessiveness in the designation "for record on appeal."

While other matters are complained of, the matter mainly relied on by appellees is the inclusion in the printed record of the testimony taken before the master appointed in a jury action under Rule 53(e)[1] 3. The point made is that, since the findings constitute prima facie evidence only and may be shown to be erroneous by evidence given on the trial, whether, and what, evidence was taken before the master has no relevance to the issues on appeal.

█ We agree fully with this view. The master in such a case "is used merely as an expert witness who is to hear evidence bearing on the matters referred and render a report thereon which, subject to the ruling of the court upon any objections in point of law made at the trial, is to be admissible as evidence of the matters found." Moore's Federal Practice, Vol. 3, p. 3147; Connecticut Importing Co. v. Frankfort Distilleries, D.C., 42 F.Supp. 225. In Sutton v. Johnson Cotton Co., 4 Cir., 114 F.2d 302, 304, the court said:

"Even if a reference to an auditor in the manner approved in Ex parte Peterson [253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919], had been directed, and his conclusions had been submitted to the jury as prima facie correct, the evidence taken by him would not have been introduced but the case would have been tried upon his report and such evidence as the parties might desire to present."

In these circumstances, for the appellant in face of the rule, that the master shall not be directed to report the evidence, to designate as part of the record the voluminous proceedings before the master and then to designate them for printing was such an abuse of the power of designation that appellant should be condemned to pay all costs incurred in connection with incorporating these proceedings in the record and in causing them to be printed. While we are in no doubt that the evidence taken before the master was never intended to be reported and for that reason has no place in the record, if we should be mistaken in this, it is still quite clear that these voluminous proceedings all were without bearing on the issues presented on this appeal, and their inclusion was an abuse of the designation and printing rules. In addition to the infraction in respect of the proceedings before the master, there are many other respects in which the record was made up in complete disregard not only of costs but of the obligation due this court to present to it a printed record containing in it only those things which were necessary for the decision of the case. The motion to retax is well taken and will be granted, and we hold that, in view of the greatly excessive record in this case, both as to designation and printing, two-thirds of the entire costs of appeal should be borne by appellant and one-third only of them should be taxed to and be recovered from appellees.

It is so ordered.

---

[1] (3) "In Jury Actions. In an action to be tried by a jury, the master shall not be directed to report the evidence. His findings upon the issues submitted to him are admissible as evidence of the matters found and may be read to the jury, subject to the ruling of the court upon any objections in point of law which may be made to the report."