## GRAY TOOL CO. v. HUMBLE OIL & REFINING CO.

### No. 12990.

United States Court of Appeals
Fifth Circuit.

Aug. 1, 1951.

Homer T. Bouldin, Houston, Tex., for appellant.

J. Vincent Martin, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and McCORD, and BORAH, Circuit Judges.

## PER CURIAM.

Claiming that because appellant excessively designated for printing portions of the record not essential to the decision of the question presented by the appeal, defendant-appellee has moved to retax all the printing costs, $10,680.50, against the appellant or, in the alternative, one-half thereof.

Plaintiff-appellant, vigorously opposing the motion, insists: that no part of the designation was excessive; that no part of the costs should be taxed against it; and that the motion should be denied.

Identifying the matters claimed to have been excessively designated by reference to item numbers of plaintiff-appellant's designation as to printing record, beginning on page 1 of the transcript of record, the motion presents its attack in paragraphs 1 to 6.[1]

---

1. No. 1 is directed at briefs and legal memoranda filed by plaintiff-appellant, and No. 2 at an argument made by it in the district court. No. 3 is directed at the part of the record having to do with plaintiff-appellant's request for admission of facts and genuineness of documents, which request was denied, and as to which no error was assigned. No. 4 deals with an affidavit filed by plaintiff-appellant in support of its answer to defendant-appellee's motion for summary judgment. No. 5 has to do with plaintiff-appellant's motion for the production of various documents, arguments and rulings thereon. No. 6 deals with the printing of depositions of various witnesses, part of which was designated by plaintiff-appellant and part by defendant-appellee.

In Knutson v. Metallic Slab Form Co., 5 Cir., 132 F.2d 231, and in Phillips Petroleum Co. v. Williams, 5 Cir., 159 F.2d 1011, we have carefully pointed out the obligation resting upon appellant and appellee to proceed by concert of action and, where appropriate, by resort to the district court to shorten the record and save printing costs on appeal. We have made it clear that this was in the interest both of making an intelligible submission and of saving unnecessary and wasteful costs in respect of eliminating from the record what is unimportant to the appeal and from the printing what is unnecessary to be printed.

In each of those cases the only designation, both as to preparation of the record and its printing on appeal, was that made by appellant. In each of them, calling attention to the fact that no effort had been made to reduce the record or the printing, we taxed the appellant with the costs attendant upon the faulty and excessive designation.

Here, as in those cases, there was no concert of action in an endeavor to shorten and simplify the record, but here, unlike in those cases, the appellant did not by a lump designation of all the record bring everything up, nor did he by a like lump designation require the whole record to be printed. On the contrary, he selectively designated, both for the record and for printing, the portions of it which he desired. Whereupon appellee, without, as far as is made to appear, in any manner complaining of the excessiveness of the designations or seeking to reduce them, proceeded to make on its own account large and extensive additional designations of matter to be included in the record and later on of additional portions of the record to be printed.

Here, as was the case in Phillips Petroleum Co. v. Williams, supra, no complaint was made by appellee, in the briefs or at the hearing of the case, and this court's attention was not specifically called to the fact, that excessive designation or excessive printing had occurred.

Appellee's motion, by complaining of the printing, has, however, properly brought to our attention, not only the matter of excessive printing but also that of the excessiveness in the designation of the record on appeal, which, on our own motion, we are authorized to consider and to require amends for. In doing so, however, we must keep fully in mind both the nature of the case on appeal and the attitude of both parties while the appeal was coming up as to what was deemed by each reasonably necessary for its proper presentation and consideration. We must not strain at a gnat in respect of appellant's designations and swallow a camel in respect of those made by appellee. Neither may we permit hindsight, as to what was actually necessary to be included in the record, to take the place of foresight or to blind us to the fact that when what should be designated was a matter of foresight, large designations as to the record and its printing seemed to find almost as much favor with appellee as with appellant.

In these circumstances the court will not feel obligated to finetooth comb the record to determine precisely the limits within which the designation for record and for printing should have been confined. It will look at the matter broadly from the standpoint of whether a particularly complained of inclusion was or was not clearly erroneous, that is, was or was not so plainly unnecessary as to make its designation an act of improvidence, deliberate or reckless.

Looking at the whole matter from this viewpoint, we are in no doubt: that under the teachings of our Rule 23, and of the cases cited above, as to all the matters embraced in Nos. 1, 2, 3, and 5 of defendant's motion to retax, containing approximately 350 printed pages, the designation, both for the record and for printing, was, as to the whole matter designated, unreasonably excessive and unwarranted, nor are we in any that, because of this excessive designation, and that hereafter dealt with, the motion must be granted in part and costs to the extent hereinafter indi-

cated must be taxed against plaintiff-appellant.

As to items 4 and 6, while there was some excessive printing, the matter, for the reasons hereafter stated, stands differently. The appeal was from a summary judgment entered upon a finding as matter of law that on the record as a whole the bad faith of plaintiff in trying to monopolize unpatented products prevented its pursuing defendant as an infringer of its patents.

 In bringing up to this court and having printed a record on which the question decided against it below as a matter of law could be properly determined here, the appellant was entitled to have a full record. In the absence of a showing then, and no such showing is here made, of a deliberate or reckless padding of the record, appellant ought not to be unduly penalized for endeavoring to present for our consideration a record which, not meagerly and in skeleton form, but fully and completely, would show us the case as it was developed below.

It must be borne in mind, too, that this is not a case where appellant ordered the whole proceedings brought up and the whole record printed without making an effort to abbreviate it. Quite to the contrary, if it did over designate, it did not, as to the whole matter complained of, do so recklessly and deliberately. Picking and choosing the parts of the record it deemed necessary for a correct decision of the case, the appellant by its designation, did seek to limit the record both to be brought up and to be printed.

Neither is this a case where, rejecting all proffers of opposing counsel to reduce the record by conference and agreement, appellant has recklessly or deliberately ordered a full printing. On the contrary, it is one where, instead of endeavoring by conference with, or protesting to, the appellant to reduce the size of the record brought up to, or the printing costs in, this court, the appellee, through designations of its own has greatly swollen both the record and the printing costs.

While, therefore, we are of the opinion that there was some excessive designation in respect of both items 4 and 6, it is quite clear, that this was so only as to a portion thereof, and that a proper exercise of our discretion under the rules would be granting the motion to retax to order one-fourth of the whole printing cost taxed against appellant and three-fourths thereof against appellee.

The mandate having gone down, it will be, and it is hereby, recalled, and the clerk is directed to retax the printing costs in accordance herewith.