**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert R. WILSON et al., Defendants.**

**Civ. No. 2917.**

United States District Court
N. D. Texas,
Fort Worth Division.

Oct. 7, 1957.

Heard L. Floore, U. S. Atty., Fort Worth, Tex., for plaintiff.

Samuels, Brown, Herman & Scott, Mack & Mack, Fort Worth, Tex., for defendants.

ESTES, District Judge.

This is a motion for appointment of a Special Master to hear evidence and make findings of fact in accordance with the provisions of Rule 53 of Federal Rules of Civil Procedure, 28 U.S.C.A. The complaint was filed by the United States of America based on a claim of the Commodity Credit Corporation for the alleged conversion of certain quantities of dry pinto beans which were the property of the United States and were stored with Tanners Incorporated in warehouses at Gallop, New Mexico, Cortez, Colorado, and elsewhere.

Counts I and II both allege the conversion of 150,687.54 cwt. of dry pinto beans between May 1, 1949 and January 31, 1951. The two Counts differ in the measure of damages claimed. Count I alleges a liability of $448,194.32, based upon the reasonable cash market value of the beans at the time of the conversion. Count II made in the alternative, seeks $1,014,695.53, the highest intervening market value of the beans between the date of the conversion and the date of the filing of this suit. Count III alleges that on or about June 23, 1949 the defendants submitted false and fraudulent warehouse receipts to the plaintiff, and obtained possession of 8,000 cwt. of dry pinto beans. The sum of $159,200 is sought under this count. In Count IV it is alleged that on or about July 14, 1949, the defendants obtained 4,000 cwt. of dry pinto beans by the submission of five false and fraudulent warehouse receipts, and is liable for $79,600.

As to Counts I and II the defendants admit delivery to them of the 150,697.54 cwt. of dry pinto beans, but contend that said beans were paid for in full. As to Counts III and IV the defendant admits an exchange of warehouse receipts with the plaintiff, but denies that such should be described as a purchase and sale.

The Government submits that this is a proper case for the appointment of a Special Master, because voluminous evidence will be introduced to prove quantity, percentages, market value and ownership of said beans at the time of each alleged conversion. Counsel for plaintiff says the Government has in its possession some 22 filing cabinet drawers or boxes of records and accounts which must be sifted and analyzed by the trier of facts; that the assistance of an accountant is necessary to an understanding of such evidence; that certain necessary witnesses reside in Colorado, New Mexico and elsewhere; that some 600 transactions by the defendants over a period of 21 months are involved and countless other transactions which must be shown to trace the title to the common mass of beans in store in Tanner's warehouses and numerous other types and kinds of evidence.

The Court has already considered and ruled upon the following motions: for a more definite statement, to dismiss, to produce, inspect and copy documents, to require responsive answers, for interrogatories, to dismiss Counts III and IV, and for summary judgment.

The record shows that some 49 docket entries have been made in the case, many of them supported by extensive briefs. Defendants' motion for summary judgment was especially thoroughly briefed by both parties and was denied by Judge Joseph B. Dooley.

Defendants oppose the appointment of a Master on the following grounds:

(a) That the issues of fact are not complicated;

(b) That accounting or accounting principles are not involved;

(c) That defendants are entitled to a trial by a jury;

(d) That defendants should not be required to expend large sums of money to pay for the appointment of a master;

(e) That the practice of appointing a special master in such cases has been condemned by the United States Supreme Court.

To determine whether or not the Court should appoint a special master under Rule 53(b), Federal Rules of Civil Procedure, the facts and circumstances of this case must be considered in the light of a reading of the Rule and the judicial interpretations thereof.

Rule 53(b). "A reference to a master shall be the exception and not the rule. In actions to be tried by a jury, a reference shall be made only when the issues are complicated; in actions to be tried without a jury, save in matters of account, a reference shall be made only upon a showing that some exceptional condition requires it."

■ A case closely in point with the instant case is Ex parte Peterson, 1920, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919. There, the dispute involved 402 items arising out of 123 different deliveries made on 91 different days during a period of 11 months. The instant case involves a greater number of separate transactions, which occurred over a period of approximately 21 months, such transactions taking place on many different days within such period of time. In addition to the particular transaction to which the defendants in this case are a party, the plaintiff's evidence shows many transactions of beans going into and being shipped out of the elevators of the warehouseman in question. In computing damages, consideration of the price of the beans, either at the time of the alleged conversion or at the highest intervening market value calls for evidence as to the price of beans on many different dates. This mass of statistical evidence and arithmetic would most likely wear out a jury after many days of such figures, computation and documents. A Special Master, skilled and experienced in such complications, and given time to study and analyze such evidence from both plaintiff and defendants can clarify and simplify the issues to be submitted to the jury. The Master's detailed accounting to determine the damages should aid the jury in arriving at a just verdict. Defendants will not be denied the opportunity to present all of their defenses to a jury, if a reference to a master is made.

The Honorable Alfred P. Murrah, Judge, United States Court of Appeals, Tenth Circuit, in 14 F.R.D. 417, at page 419, has stated the theory of submission to a Master as follows:

"Where accounts are complex and intricate, or the documents and other evidence voluminous, or where extensive computations are to be made, it is sometimes better practice to refer the matter to a special master or commissioner than for the judge to perform the task himself, and there is inherent power in the courts to compel a reference. In the matter of Peterson, 1920, 253 U.S. 300, 40 S. Ct. 543 [64 L.Ed. 919]. Trials by juries on complex issues which are not simplified and arranged either by the judge at pre-trial, or, if extremely complicated, by a master, are likely to bring about unjust decisions."

■ The defendants, in opposing the appointment of a master have cited Hartford-Empire Company v. Shawkee Mfg. Co., D.C.W.D.Pa.1946, 5 F.R.D. 46, at page 48, apparently for the Court's statement that "reference to a Special Master is made, with a few rare exceptions, only in cases involving accounting." It is well established that the usual reference to a master is made in cases involving "accounting". In the instant case the affidavit of the attorney for plaintiff, plaintiff's answers to defendants' interrogatories, and the many other

motions and briefs, show a mass of statistical data as to warehouse receipts, prices, quantities, and transfers of beans which might well be simplified by a special master, skilled in accounting.

The Peterson case seems to be ample authority for reference to a master, but Sutton v. Johnson Cotton Co., 4 Cir., 1940, 114 F.2d 302, and Graffis v. Woodward, 7 Cir., 1938, 96 F.2d 329, add to the authority that a trial judge may make a reference to a special master where the evidence is very voluminous and complicated. The hundreds of pages of pleadings, briefs and exhibits already entered in this case make it manifest that the evidence is voluminous, and from the reading of such documents it appears certain that issues involving accounting are present.

Defendants have cited McCullough v. Crosgrave, 1940, 309 U.S. 634, 60 S.Ct. 703, 84 L.Ed. 992, and Los Angeles Brush Mfg. Co. v. James, 272 U.S. 701, 47 S.Ct. 286, 71 L.Ed. 481, in which reference to a master was vacated. The McCullough case simply vacates the prior reference to a master without reporting the reasons therefor in that particular case. The Los Angeles Brush Mfg. Co. case is one in which the judges of the district in question had established a uniform policy of referring all patent cases to a master to save time, which was done in that case, and which was held by the United States Supreme Court to be an abuse of discretion. It is well recognized that reference for such a reason would be error, but these two cases are not analogous or controlling in the case at bar.

 LaBuy v. Howes Leather Co., Inc., 1957, 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, held that reference to a master in an antitrust suit was an abuse of discretion where the trial judge was familiar with the case and could probably dispose of it with greater dispatch and less effort than anyone else, and the reference amounted to an abdication of the judicial function. Conges-

tion of the docket is not in itself such an exceptional circumstance as to warrant a reference nor the fact that the case is complicated, or that a trial will take a great length of time sufficient to justify a reference. If a voluminous accounting of damages is necessary, this could be referred to a master after a determination of liability. The district court may not refer a non-jury case to a master on the ground that the issues are complex and the court calendar is congested. Nor may a case be referred as a "matter of account" merely because an accounting may be necessary if defendants are found liable. Possible necessity for an accounting does not prove exceptional circumstances. 4 Fed.Rules Digest 1957 Pocket Part, § 53b 12, p. 16.

Appointment of a special master in the instant case is not in conflict with the LaBuy decision for the following reasons: that was an antitrust, non-jury action, and seems to have been submitted by the trial judge to a master because of the congestion of his docket. In LaBuy question of defendant's legal liability had not been adjudicated. In the case at bar the legal issues as to defendants' liability have been determined in the rulings on motions, including defendants' motion for summary judgment. While this Court's docket may be regarded as crowded the master is not appointed for that reason, but to make sure that the facts come before the jury in clear focus; that the material facts be not lost in a maze of papers and a marathon of legal discussions of papers, and that this case may be justly, speedily and inexpensively disposed of.

The LaBuy opinion does not preclude the reference to a master in the instant case, but seems to be express authority for it.

"We agree that the detailed accounting required to determine the damages suffered by each plaintiff might be referred to a master after the court has determined the overall liability of defendants, providing the

circumstances indicate that the use of the court's time is not warranted in receiving the proof and making the tabulations." LaBuy v. Howes Leather Co., supra, 352 U.S. 249, 77 S.Ct. 315. .

■ The LaBuy opinion merely reiterates the established rule with which this Court is in full accord, that reference to a master should be made only in exceptional cases, and that congested dockets and complexity of issues, standing alone, do not justify a reference.

The form of the order [1] to the master in the instant case preserves the right of defendants to a trial by jury on all disputed fact issues. The order expressly declares that the master should not finally determine any of the issues, but that such final determination of all issues of fact will be made by the jury on the trial.

Because the report of a special master will aid the jury in arriving at a just verdict an order will be entered appointing a special master in this case.

1. "Order Appointing Special Master

"On this the 7 day of October, 1957, after pre-trial hearings and disposition of other motions filed herein, including the denial of defendants' motion for summary judgment, in the above captioned cause, came on to be considered the motion of plaintiff filed herein for appointment of Special Master to hear evidence and make findings of fact in these proceedings, in accordance with the provisions of Rule 53, Federal Rules of Civil Procedure, and

"It appearing to the Court, after hearing the arguments of the parties, studying the briefs and independent examination of the file in the cause, that this cause is at issue; that the defendants have demanded a trial by jury; that some of the witnesses reside in other states; that the issues herein are complicated; and that while the defendants estimate in their brief that the trial of this cause will consume two or three weeks, they requested the Court at a pre-trial conference to devote one special term to the trial of this case; that the evidence which will be introduced upon the trial of this cause will be voluminous, requiring long and tedious examination of a mass of books, records, documents and transactions covering a substantial period of time, and involving complex matters of accounting and accounting principles; that if this protracted case is tried without the appointment of a Master to examine the mass of unassorted, unexpurgated and unidentified documents and evidence, the Court and jury will be compelled to wander, or dig through mazes and masses of printed data and documents to reach the determining facts; that some twenty-two filing cabinet drawers of records and accounts would be of-

fered in evidence without indexing, expurgation and summarization, and without the appointment of a Master, the excision of any irrelevancies in this data would have to be made as each bit of evidence is presented; and it appearing that the trial of this case without the prior appointment of a Master with the powers herein conferred would tend to bewilder and confuse the jury in their determination of the essential facts and create a great and unnecessary burden on the time of the Court and jury, the Court concludes that such motion to appoint a Special Master should be granted.

"It is, accordingly, ordered that Robert S. Newkirk be, and he is hereby appointed as Special Master in this case, in accordance with the provisions of Rule 53, Federal Rules of Civil Procedure, and this cause is referred to him as Special Master to make a preliminary investigation as to the facts; hear the witnesses; examine the accounts and records of the parties, and make a detailed accounting required to determine the amount of damages and file a report in the office of the Clerk of this Court, with a view to simplifying the issues for the jury; but not to finally determine any of the issues in this action; the final determination of all issues of fact to be made by the jury on the trial. Said Special Master shall proceed in accordance with the above instructions and the Federal Rules of Civil Procedure to guide him in the performance of his duties, such findings to be admissible in evidence, to which the defendants and each of them excepted.

"Entered this 7 day of October 1957 at Fort Worth, Texas.

"Joe E. Estes
"United States District Judge"